[Civ. No. 22075. Second Dist., Div. One. Nov. 19, 1956.]

LOUIS JABLON et al., Appellants, v. JOHN T. JAVASILE et al., Defendants; ALEXANDER BISNO et al., Respondents.

Leonard Horwin for Appellants.

Mario L. Clinco, Earl Oakley and Rothman, Goodman & Hirschberg for Respondents.

FOURT, J.—The plaintiffs and appellants herein brought an action to collect a broker's commission, for damages and for the appointment of a receiver. Judgment was entered May 3, 1956, after a trial, that the plaintiffs take nothing and defendants were discharged with costs as set forth in the judgment. No notice of intention to move for a new trial was filed. A notice of appeal was filed June 11, 1956.

The Jergins Building Corporation, by and through its attorneys, Rothman, Goodman and Hirschberg, and Alexander Bisno, individually and doing business as Bisno and Bisno, Henry Bisno and Herbert Bisno, by and through their attorneys, Earl Oakley and Mario L. Clinco, made separate motions to dismiss the appeal in the above entitled cause for

the reason that the appellants failed to deposit the necessary sum of money to secure the estimated cost of preparing the reporter's transcript, and failed to procure and file a waiver of such deposit signed by the reporter, as required by rule 4(c) of the Rules on Appeal; further, that although appellants deposited the amount of the clerk's estimate on the clerk's transcript, pursuant to rule 5 of the Rules on Appeal, appellants did, on or about August 15, 1956, request the return to them of said deposit, and no clerk's transcript has been certified or filed.

The clerk's certificate in this matter sets forth, among other things, that notice to the clerk to prepare clerk's and reporter's transcripts was filed June 19, 1956, and pursuant to rule 4(a) of the Rules on Appeal, a copy of that notice was mailed June 24, 1956, to the court reporter. Pursuant to rule 4(a), above mentioned, the clerk's office received a copy of the letter dated August 3, 1956, addressed to Leonard Horwin, attorney for the appellants, from the court reporter designating the estimated cost of $1,025, for the preparation of the reporter's transcript on appeal. The clerk's certificate recites that to date no arrangement with the clerk for the payment thereof has been made, and no waiver of deposit has been filed by the reporter.

The clerk's certificate further recites that pursuant to rule 5 of the Rules on Appeal, a notice by the clerk designating the estimated cost for the preparation of the clerk's transcript was mailed July 26, 1956, to Horwin; that on August 6, 1956, the estimated amount of $189.95, was received from the attorney for the preparation of the clerk's transcript, and that on August 15, 1956, the clerk's office received a letter, dated August 14, 1956, from Horwin, reading in part as follows: "There is concurrently being filed a Stipulation for Termination of Appeal in the above action, in which your Transcript Division agreed to withhold any preparation of Clerk's Transcript pending expected settlement which has now occurred. Return to this office of the amount of $189.95, deposited on August 6, 1956, to cover original and one copy of Clerk's Transcript, will be appreciated." It is further set forth in the clerk's certificate that on or about August 28, 1956, a refund was arranged for, and that no clerk's transcript has been certified or filed. There is no entry on the Register of Actions of the filing of a stipulation for termination of the appeal.

The appellants contend that prior to the lapse of the time

for the deposit of the costs of the reporter's transcript they entered into a settlement and stipulation governing this cause with Lee W. Landrum, who was the attorney for one of the defendants, namely, Mort D. Goldberg. The settlement allegedly called for a dismissal of the appeal. Appellants further contend that they requested of Landrum that Landrum procure the consent of the defendants Bisno & Bisno, Alexander Bisno, Herbert Bisno and Henry Bisno, in addition to the consent of his own client, Mort D. Goldberg. Appellants further claim that Landrum reported to them on August 10th, 1956, at the time of concluding the stipulation and settlement verbally, that he had obtained consent of the parties indicated.

Appellants admit that Jergins Building Corporation and Monterey Oil Company were not involved in the settlement and stipulation nor were they requested to participate in any such proceedings. They do state, however, that Jergins Building Corporation was specifically informed of the settlement on August 23, 1956.

The affidavit of Leonard Horwin, attorney for the appellants, sets forth that in connection with the settlement Landrum had requested that Horwin prepare the necessary documents and that Horwin told Landrum, at the time, that in reliance on the verbal understanding, he would refrain from depositing the costs required for the reporter's transcript, and would advise the Transcript on Appeals Division of the clerk's office that the appeal would be dismissed. The affidavit continues, in substance, that Horwin prepared the documents of settlement and sent them to Landrum, and that he sent a letter to the clerk wherein he told the clerk, in essence, that the appeal was being dismissed and requested a return of his deposit theretofore made to cover the cost of the clerk's transcript. Horwin then set forth that Landrum later told him that the stipulation was approved with some revisions, and was being filed with the court. Further, it was stated that on September 4, 1956, for the first time, Landrum told Horwin that the stipulation had not been executed because Goldberg insisted upon the inclusion of an additional paragraph. Horwin then advised Landrum, in writing, that appellants regarded Goldberg as bound by the verbal arrangements made with his attorney, and that the new proposed paragraph was objectionable and would not be accepted. Thereafter there were other negotiations between Horwin, as the attorney for the plaintiffs, and Landrum, as the attorney for Goldberg.

Appellants apparently are now ready to make the proper deposits and proceed with the appeal.

Rule 10(a) of the Rules on Appeal provides in part as follows: ". . . If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

Rule 41(a) of the Rules on Appeal provides in part: ". . . Such notice and accompanying papers shall be served and filed at least 10 days before the date designated for hearing of the motion. Any showing in opposition to the motion shall be in writing, served and filed at least 5 days before the date so designated."

The petitioning respondents herein complied with the rules. The appellants failed completely to comply in that they failed to file any opposition within the five-day period, or at any time, until the motion was actually made in open court.

In this case the negotiations for the dismissal of the appeal were carried on between the attorney for the appellants and Landrum, the attorney for Goldberg. None of the petitioners herein were contacted or consulted by the appellants—they were not parties to any discussions or negotiations having to do with any proposed stipulation or settlement.

We believe that as a matter of ordinary precaution and business acumen the appellants should have, at least, made some inquiries of the petitioners herein before proceeding as they did. In determining whether an appellant should be relieved from default in preparing an appeal each case must be determined in the light of its own facts.

The motion to dismiss the appeal is granted in each instance.

White, P. J., and Doran, J., concurred.